UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard J. Hettler et al.,

    Plaintiffs,

v.

Ruth D. Kahn et al.,

    Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 02-1140 ADM/AJB

---

Richard J. Hettler,

    Appellant,

v.

Ruth D. Kahn,

    Appellee.

MEMORANDUM OPINION
AND ORDER
Civil No. 02-4184 ADM

---

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge on two cases recently transferred to Judge Ann D. Montgomery from Chief Judge James M. Rosenbaum and Judge John R. Tunheim. Both cases are related to a number of other prior cases involving Plaintiff Richard J. Hettler ("Hettler") assigned to Judge Montgomery.

## II. DISCUSSION

**A.  The '1140 Case**

The first case, transferred from Chief Judge Rosenbaum ("the '1140 case"), is brought against 56 defendants alleging fraud assisted by corrupt public officials in relation to Hettler's fiduciary dealings with co-Plaintiffs Security Financial Group, Inc., Multinational Investors Group,



Inc., Capital Asset Management Group, LLC, Amadeus Irrevocable Trust, and the California Death Estate of Eugene Hettler. Am. Compl. at 1. On July 1, 2002, Magistrate Judge Franklin L. Noel issued an Order ['1140 Case Docket No. 6] denying Hettler's application to proceed *in forma pauperis* ("IFP"), and requiring the "artificial entity co-plaintiffs," unrepresented by counsel, to retain counsel. July 1, 2002 Order at 2, 4. This has not occurred, nor has any Plaintiff paid the filing fee. Before this Court are Hettler's Motion for an Expedited Reversal in Whole or in Part of the Magistrate's July 1, 2002 Order ['1140 Case Docket No. 8], Hettler's Motion for Expedited Trial ['1140 Case Docket No. 10], and Magistrate Judge Noel's November 20, 2002 Report and Recommendation ("R&R") ['1140 Case Docket No. 13] recommending that Hettler's Amended Complaint be dismissed. The R&R notes that none of the Defendants have been served, none have answered, and that Hettler does not qualify for IFP status and has not paid the filing fee.

This Court has previously considered numerous issues involving Hettler's claims related to his serving as Administrator of his deceased brother's estate, and his allegations of fraud involving financial dealings related to Defendant Ruth D. Kahn and others. In its July 26, 2002 Order, this Court denied and dismissed numerous appeals by Hettler regarding his allegations of "fraud," and Hettler was precluded from again raising these allegations. July 26, 2002 Order at 6. Specifically, Plaintiff was:

> ENJOINED from bringing any additional pleadings, motions, claims, or appeals before the United States District Court for the District of Minnesota or the United States Bankruptcy Court where the Trustee, John Stoebner, is a party or where Hettler's claims <u>in any way relate to . . . the subject matter of the litigation before this Court to date</u>.

7-26-02 Order at 11 (emphasis added). Hettler's claims in this case are directly related to the

---

[1] Richard Hettler v. John Stoebner, Civil No. 01-1616 ADM [Docket No. 20].

claims previously addressed. In its December 4, 2002 Order,[2] this Court dismissed another related case brought by Hettler, and again disavowed any continued cases, claims or motions in any way related to the same issues. Id. at 4. Accordingly, Judge Noel's R&R is adopted, Hettler's Motion for Expedited Trial is denied, Hettler's Motion for Expedited Reversal of Judge Noel's July 1, 2002 Order is denied, and Hettler's Amended Complaint is dismissed with prejudice.

**B.     The '4184 Case**

The second case, transferred from Judge Tunheim ("the '4184 case"), was commenced on October 29, 2002, with the transmittal of bankruptcy record on appeal. Hettler expresses confusion of which claims he was allowed to address in his "Verified Brief and Addendum" ['4184 Case Docket No. 3] in support of his appeal from the bankruptcy matter, but apparently argues that In re: Ruth D. Kahn, BKY 99-42419, ADV 99-4250, was never before this Court directly and therefore it is not barred by the July 26, 2002 Order, and his appeal is proper. However, the issues raised by this appeal directly relate to Hettler's prior claims against Ruth Kahn, relating to Hettler's dealings with his deceased brother's probate, which were also the subject of his claims before United States Bankruptcy Court Judge Nancy C. Dreher.[3] These issues are precisely the issues intended to be barred by the injunction in the July 26, 2002 Order. Accordingly, this Appeal ['4184 Case Docket No. 1] is directly in violation of this Court's July 26,

---

[2] Richard J. Hettler v. Thomas Petters, et al., Civil No. 02-1837 ADM/SRN [Docket No. 15].

[3] In re: Ruth D. Kahn, United States Bankruptcy Court file No. BKY 99-42419, and Premier Bank Metro South v. Ruth D. Kahn, et al., United States Bankruptcy Court file No. ADV 99-4250.

3

2002 Order, and it is hereby summarily dismissed with prejudice.[4]

Having been filed prior to this Court's warning on December 4, 2002, that "if [Hettler] continues to file motions or claims in any way related to these issues, the hammer will fall and sanctions will be imposed," no contempt sanctions will be issued in relation to Case No. 02-4184.

### C.   Directive to the Clerk of Court

Hettler has now crossed the Rubicon, and his years of repetitive filings on the same issue must come to an end. His filing of multiple cases based on the same essential allegations evidences Hettler's propensity for abuse of the litigation process.[5] The Clerk of Court for the

---

[4] Accordingly, Appellee's Motion for Extension of Time to File Reply Memorandum ['4184 Case Docket No. 4] and Appellant's Motion to Deny Debtor's Request for Extension ['4184 Case Docket No. 6] are moot.

[5] Hettler v. Hvass, 00-CV-1534 (D. Minn. September 5, 2000) (Magnuson) (dismissed);

Hettler v. Miller, 00-CV-2337 (D. Minn. December 6, 2000) (Kyle) (dismissed);

Hettler v. Stoebner, 01-CV-946 (D. Minn. July 24, 2001) (Kyle) (dismissed);

Stoebner v. Kahn, 01-CV-947 (D. Minn. July 24, 2001) (Kyle) (dismissed);

In re: INA Manufacturing, 01-CV-1207 (D. Minn. September 24, 2001) (Kyle) (dismissed);

Hettler v. Stoebner, 01-CV-1616 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

Hettler v. Stoebner, 01-CV-2061 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

Hettler v. Stoebner, 01-CV-2062 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

Hettler v. Stoebner, 01-CV-2429 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

Hettler v. Stoebner, 02-CV-849 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

Hettler v. Stoebner, 02-CV-850 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

Hettler v. Stoebner, 02-CV-851 (D. Minn. July 26, 2002) (Montgomery) (dismissed);

District of Minnesota is hereby directed to refuse for filing any pleadings for a new lawsuit submitted by Richard J. Hettler unless the pleadings bear the signature of a duly admitted officer of this Court, or Mr. Hettler has applied for, and received, the prior consent of a United States Magistrate Judge.

---

Hettler v. Kahn, 02-CV-1140 (D. Minn.) (Formerly Rosenbaum; now Montgomery);

Hettler v. Miller, 02-CV-1836 (D. Minn. October 8, 2002) (Montgomery) (dismissed);

Hettler v. Petters, 02-CV-1837 (D. Minn. December 4, 2002) (Montgomery) (dismissed);

Hettler v. Kahn, 02-CV-4184 (D. Minn.) (Formerly Tunheim; now Montgomery).

### III. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Noel's November 20, 2002 R&R ['1140 Case Docket No. 13] is **ADOPTED**,

2. Hettler's Motion for an Expedited Reversal in Whole or in Part, of the Magistrate's July 1, 2002 Order ['1140 Case Docket No. 8] is **DENIED**,

3. Hettler's Motion for Expedited Trial ['1140 Case Docket No. 10] is **DENIED**,

4. Hettler's Amended Complaint ['1140 Case Docket No. 5] is **DISMISSED WITH PREJUDICE**,

5. Hettler's Bankruptcy Record on Appeal ['4184 Case Docket No. 1] is **DISMISSED WITH PREJUDICE**,

6. Kahn's Motion for Extension of Time to File Reply Memorandum ['4184 Case Docket No. 4] and Appellant's Motion to Deny Debtor's Request for Extension ['4184 Case Docket No. 6] are **DISMISSED AS MOOT**, and

7. The Clerk of Court for the District of Minnesota is hereby directed to refuse for filing any pleadings for a new lawsuit submitted by Richard J. Hettler unless the pleadings bear the signature of a duly admitted officer of this Court, or Mr. Hettler has applied for, and received, the prior consent of a United States Magistrate Judge.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

*/s/ Ann D. Montgomery*
ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 10, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.